IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| MOSES HENRY, #852954,               ) | |
|           Petitioner,            ) | |
|                                             ) | |
| v.                                                  ) | No. 3:03-CV-2632-K |
|                                             ) | |
| DOUGLAS DRETKE, Director, TDCJ-CID,  ) | |
|           Respondent.          ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge follow.

**Findings and Conclusions**

**Statement of the Case**

On October 24, 2003, Moses Henry ("Petitioner") filed this petition pursuant to 28 U.S.C. § 2254. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998) (per curiam) (holding pro se habeas petition is deemed filed when the papers are delivered to the prison authorities for mailing). Respondent is Douglas Dretke, Director, Texas Department of Criminal Justice-Correctional Institutions Division ("Respondent").

On November 4, 2003, the Court ordered Petitioner to show cause why the case should not be dismissed as barred by the statute of limitations. On December 11, 2003, and September 30, 2004, Petitioner filed responses. The Court was unable to determine the procedural history of Petitioner's case from his responses, and on October 4, 2004, the Court ordered Respondent to file a preliminary response addressing whether the petition is time-barred. On October 18, 2004, Petitioner filed another response. On December 3, 2004, Respondent filed his preliminary

response, providing the requested information and requesting that the Court dismiss the § 2254 petition with prejudice as barred by the statute of limitations. On December 20, 2004, Petitioner filed his reply. Petitioner filed additional pleadings on December 20, 2005; May 2, 2005; and June 15, 2005.

## Petitioner's Claims

Petitioner raises the following claims:

1. The jury waiver was improper;

2. The conviction was based on illegal evidence;

3. The state denied him the right to constitutionally effective assistance of counsel at trial; and

4. The indictment was fundamentally defective.

## Discussion

### Statute of Limitations

This case is governed by the limitation period set out in the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), because Petitioner filed his § 2254 petition after April 24, 1996, the effective date of the AEDPA. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA establishes a one-year statute of limitations for federal habeas proceedings. 28 U.S.C. § 2244(d). In most cases, as in this case, the limitation period begins to run when the judgment becomes final after direct appeal or the time for seeking such review has expired. 28 U.S.C. § 2244(d)(1)(A).[1] This period is tolled while a properly filed motion for

---

[1] The statute provides that the limitations period shall run from the latest of--

> (A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking direct review;

2

state post-conviction relief or other collateral review is pending. *Id.* § 2244(d)(2). The one-year limitation period is also subject to equitable tolling in "rare and exceptional cases." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998).

A jury convicted Petitioner of aggravated assault on December 12, 1996, and found that Petitioner used or exhibited a deadly weapon during the commission of the crime. *State v. Henry*, No. F95-43891 (194th Dist. Ct. Dallas County, Tex. Dec. 12, 1996). The jury sentenced him to ten years in the custody of TDCJ-CID. *Id*. On August 20, 1998, the Fifth District Court of Appeals affirmed the conviction. *Henry v. State*, No. 05-96-01983 (Tex. App.-- Dallas Aug. 20, 1998, no pet, h.) (not designated for publication). Petitioner did not file a petition for discretionary review. His conviction became final on September 20, 1998, and the statue of limitations expired on September 19, 1999, unless it was statutorily tolled by a properly filed state application for writ of habeas corpus.

## **Statutory Tolling**

A properly filed state habeas application tolls the limitation period. See 28 U.S.C.

---

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)

3

§ 2244(d)(2). On December 22, 1997, Petitioner filed his first state habeas application, but it was dismissed because his appeal was pending. *Ex parte Henry*, No. 36, 230-01 (Tex. Crim App. April 8, 1998). The same was true for Petitioner's second state habeas application. *Ex parte Henry*, No. 36,239-02 (Tex. Crim. App. April 8, 1998).

The state court records that Respondent obtained from the Texas Court of Criminal Appeals did not include any copies that were specifically identified as Petitioner's third state habeas application. However, Respondent provided a computer print-out from the Texas Court of Criminal Appeals which shows that the third application was pending between August 6, 1999, and June 7, 2000. The findings in Petitioner's first federal habeas corpus proceeding show that his third application challenged the denial of flat time credits for jail time rather than his conviction. *Henry v. Johnson*, No. 3:99-CV-2083-T at 2 (N.D. Tex. Oct. 20, 1999) (Findings, Conclusions, and Recommendation of the United States Magistrate Judge). Additionally, Petitioner states that the Texas Court of Criminal Appeals referred his third application to the state judge for a March 24, 2000 hearing on his time-credit claim. (Pl.'s June 15, 2005 pleading.) Accordingly, Petitioner's third application did not challenge his conviction and thus did not toll the limitation period.[2]

Petitioner filed his first federal petition for writ of habeas corpus on August 31, 1999, and the District Court dismissed it for failure to exhaust state court remedies. *Henry v. Johnson*, No. 3:99-CV-2083-T at 2 (N.D. Tex. Dec. 9, 1999). The federal petition did not toll the statute of

---

[2] Even if the Court were to toll the limitation period during the time the third application was pending, such statutory tolling would not make the petition in this case timely. When Petitioner filed the third application on August 6, 1999, all but forty-four days of the limitation period had expired. Adding forty-four days to June 7, 2000, the disposition date of the third application, the statute of limitations expired on July 21, 2000, long before Petitioner filed his October 24, 2003 petition in this case.

4

limitations. *See Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). Petitioner's fourth state filing was a motion for leave to file a petition for a writ of mandamus which the state court denied on September 29, 1999. The mandamus application did not toll the limitation period; it was not a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment." *Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002).

Petitioner filed his state habeas application challenging this conviction on April 11, 2001. *Ex parte Henry*, No. 36,239-05 (Tex. Crim App. June 20, 2001). The Texas Court of Criminal Appeals denied the application without written order. *Id*., at cover. Petitioner filed another application on July 30, 2001, but the Texas Court of Criminal Appeals dismissed it as an abuse of the writ. *Ex parte Henry*, No. 36,239-06 (Tex. Crim App. Feb. 20, 2002).

Petitioner's conviction became final on September 20, 1998. Petitioner filed his only properly filed state application for writ of habeas corpus that challenged the merits of his conviction on April 11, 2001, over three and one-half years after the limitation period expired. *Ex parte Henry*, No. 36,239-05 at 17. A state habeas application filed after the limitation period expires does not toll the statute of limitations. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Accordingly, Petitioner is not entitled to statutory tolling of the limitation period. *See* 28 U.S.C. § 2244(d)(2). The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is barred by the statute of limitations.

## Equitable Tolling

The one-year limitation period is subject to equitable tolling in "rare and exceptional cases." *Davis*, 158 F.3d at 811; *see also Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir.1999) (asserting that courts must "examine each case on its facts to determine whether it presents

sufficiently 'rare and exceptional circumstances' to justify equitable tolling") (quoting *Davis*, 158 F.3d at 811). " 'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.' " *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. Am. President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).

Petitioner bears the burden of proof to show that he is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part,* 223 F.3d 797 (5th Cir. 2000). The Court has considered Petitioner's numerous responsive pleadings, most of which argue the merits of his habeas corpus petition. Petitioner does not allege that the State actively misled him or prevented him in some extraordinary way from asserting his right to file a federal writ petition. Petitioner has not met his burden to show that he is entitled to equitable tolling of the limitation period.

## Recommendation

The Court recommends that the petition for writ of habeas corpus be dismissed with prejudice as barred by the statute of limitations.

Signed October 3, 2005.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

6

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on the parties. Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE